# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DANSI RUSHING *ex rel.* DANNETTE L. RUSHING, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. CIV-18-33-JHP-SPS ) |
| ANDREW M. SAUL, Commissioner of the Social Security Administration,[1] | ) ) ) ) |
| Defendant. | ) ) |

## REPORT AND RECOMMENDATION

Plaintiff Dansi Rushing on behalf of Dannette L. Rushing, deceased (the "claimant") requests judicial review of a denial of benefits by the Commissioner of the Social Security Administration pursuant to 42 U.S.C. § 405(g). She appeals the Commissioner's decision and asserts that the Administrative Law Judge ("ALJ") erred in determining the claimant was not disabled. For the reasons discussed below, the Commissioner's decision should be AFFIRMED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if h[er] physical or mental impairment or impairments are of such severity that

---

[1] On June 4, 2019, Andrew M. Saul became the Commissioner of Social Security. In accordance with Fed. R. Civ. P. 25(d), Mr. Saul is substituted for Nancy A. Berryhill as the Defendant in this action.

[s]he is not only unable to do h[er] previous work but cannot, considering h[er] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id.* § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[2]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800

---

[2] Step one requires the claimant to establish that she is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. *Id.* §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity, or if her impairment is not medically severe, disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. If the claimant suffers from a listed impairment (or impairments "medically equivalent" to one), she is determined to be disabled without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must establish that she lacks the residual functional capacity (RFC) to return to her past relevant work. The burden then shifts to the Commissioner to establish at step five that there is work existing in significant numbers in the national economy that the claimant can perform, taking into account her age, education, work experience and RFC. Disability benefits are denied if the Commissioner shows that the claimant's impairment does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

(10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was forty-eight years old at the time of the administrative hearing (Tr. 49). She completed high school and worked as a cashier II, stock clerk, document specialist, commercial cleaner, customer service clerk, and child care worker (Tr. 49, 68-69). The claimant alleges inability to work since August 27, 2015, due to anxiety, depression, bulging discs in her lumbar spine, back pain, chest pain, and pain and weakness in her left leg (Tr. 57, 231, 233, 272).

## Procedural History

On December 29, 2015, the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85 (Tr. 19, 231-38). Her applications were denied. ALJ James Bentley conducted an administrative hearing and determined that the claimant was not disabled in a written opinion dated December 2, 2016 (Tr. 19-30). The Appeals Council dismissed the claimant's request for review of her supplemental security income claim upon notice of her death and denied her request for review of her disability insurance benefit claim (Tr. 3-9, 12-15). Accordingly, the ALJ's written opinion is the final decision of the Commissioner for purposes of this appeal. *See* 20 C.F.R. § 404.981.

## Decision of the Administrative Law Judge

The ALJ made his decision at steps four and five of the sequential evaluation. He found that the claimant could perform light work as defined in 20 C.F.R. § 404.1567(b) with occasional balancing, stooping, kneeling, crouching, crawling, and climbing ramps or stairs (Tr. 24). Additionally, he found the claimant should avoid concentrated exposure to dust, fumes, and poorly ventilated areas (Tr. 24). The ALJ then concluded that the claimant was not disabled because she could return to her past relevant work as a cashier II, and alternatively because there was work she could perform in the national economy, *i. e.*, counter attendant, booth cashier, and sales attendant (Tr. 28-30).

## Review

The claimant's sole contention of error is that the ALJ erred in evaluating her subjective complaints. The undersigned Magistrate Judge finds this contention unpersuasive for the following reasons.

The ALJ found the claimant had the severe impairments of degenerative disc disease of the cervical and lumbar spine, chronic obstructive pulmonary disease ("COPD"), coronary artery disease, and obesity, but that her affective disorder, anxiety disorder, and hypertension were nonsevere (Tr. 21-22). The relevant medical evidence reveals that Dr. Nelson Onaro regularly treated the claimant for back pain and anxiety between May 2015 and July 2016 (Tr. 350-66, 422-56, 466-94, 527-29). Dr. Onaro often noted tenderness and moderate pain with range of motion testing in the claimant's lumbar spine and the claimant consistently reported that medication relieved her symptoms (Tr. 350-66, 422-56, 466-94). Dr. Onaro's examinations were otherwise normal (Tr. 350-66, 422-56, 466-94).

On November 15, 2015, the claimant presented to the McAlester Regional Hospital Emergency Department with chest pain and was administered nitroglycerin, which provided complete relief (Tr. 402-20). In July 2016, the claimant received inpatient care for chest pain at McAlester Regional Health Center (Tr. 545-675). The claimant's cardiac enzymes and cardiac monitors were normal, but an angiogram revealed unstable angina and fifty-to-sixty percent stenosis in her left anterior descending coronary artery (Tr. 580-81). The claimant's discharge diagnoses included, *inter alia,* left main coronary artery disease, back pain at L4-L5, anxiety, and depression (Tr. 558-59).

State agency psychologist Joan Holloway completed a Psychiatric Review Technique on February 8, 2016 and found that the claimant's mental impairments were nonsevere (Tr. 103-04). Dr. Holloway's findings were affirmed on review (Tr. 129-30).

State agency physician Dr. Shujath Khan completed an RFC assessment on February 9, 2016 and found the claimant could perform the full range of light work (Tr. 105-07). Dr. Khan's finding was affirmed on review (Tr. 132-34).

At the administrative hearing, the claimant testified that she was unable to work due to back pain and chest pain (Tr. 57). She stated that she experienced low back pain every day and rated it at seven on a ten-point scale with medication, and experienced chest pain two or three days per week (Tr. 57-58). She indicated that she could stand for fifteen minutes, sit for fifteen to thirty minutes, and carry five pounds (Tr. 60-61).

The claimant contends that the ALJ erred in analyzing her subjective statements because he improperly relied on her continued smoking and minimal daily activities to

discount such statements. The Commissioner uses a two-step process to evaluate a claimant's subjective statements of pain or other symptoms:

> First, we must consider whether there is an underlying medically determinable physical or mental impairment(s) that could reasonably be expected to produce an individual's symptoms, such as pain. Second . . . we evaluate the intensity and persistence of those symptoms to determine the extent to which the symptoms limit an individual's ability to perform work-related activities . . .

Soc. Sec. Rul. 16-3p, 2017 WL 5180304, at *3 (October 25, 2017).[3] Tenth Circuit precedent is in accord with the Commissioner's regulations but characterizes the evaluation as a three-part test. *See e. g., Keyes-Zachary v. Astrue,* 695 F.3d 1156, 1166-67 (10th Cir. 2012), citing *Luna v. Bowen*, 834 F.2d 161, 163-64 (10th Cir. 1987).[4] As part of the symptom analysis, the ALJ should consider the factors set forth in 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3), including: (i) daily activities; (ii) the location, duration, frequency, and intensity of pain or other symptoms; (iii) precipitating and aggravating factors; (iv) the type, dosage, effectiveness, and side effects of any medication the

---

[3] SSR 16-3p is applicable for decisions on or after March 28, 2016, and superseded SSR 96-7p, 1996 WL 374186 (July 2, 1996). *See* SSR 16-3p, 2017 WL 5180304, at *1. SSR 16-3p eliminated the use of the term "credibility" to clarify that subjective symptom evaluation is not an examination of [a claimant's] character." *Id.* at *2.

[4] Analyses under SSR 16-3p and *Luna* are substantially similar and require the ALJ to consider the degree to which a claimant's subjective symptoms are consistent with the evidence. *See, e. g., Paulek v. Colvin*, 662 Fed. Appx. 588, 593-4 (10th Cir. 2016) (finding SSR 16-3p "comports" with *Luna)* and *Brownrigg v. Berryhill,* 688 Fed. Appx. 542, 545-46 (10th Cir. 2017) (finding the factors to consider in evaluating intensity, persistence, and limiting effects of a claimant's symptoms in 16-3p are similar to those set forth in *Luna*). The undersigned Magistrate Judge agrees that Tenth Circuit credibility analysis decisions remain precedential in symptom analyses pursuant to SSR 16-3p.

individual takes or has taken; (v) treatment for pain relief aside from medication; (vi) any other measures the claimant uses or has used to relieve pain or other symptoms; and (vii) any other factors concerning functional limitations. *See* Soc. Sec. Rul. 16-3p, 2017 WL 5180304, at *7-8. An ALJ's symptom evaluation is entitled to deference unless the Court finds that the ALJ misread the medical evidence as a whole. *See Casias,* 933 F.2d at 801. An ALJ's findings regarding a claimant's symptoms "should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) [quotation omitted]. The ALJ is not required to perform a "formalistic factor-by-factor recitation of the evidence[,]" *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000), but simply "recit[ing] the factors" is insufficient. *See* Soc. Sec. Rul. 16–3p, 2017 WL 5180304 at *10.

In his written opinion, the ALJ thoroughly summarized the claimant's hearing testimony and the medical evidence in the record. He discussed the treatment records from her physicians, as well as imaging dated prior to her alleged onset date (Tr. 24-26). He concluded that "the claimant's statements concerning the intensity, persistence, and limiting effects are not entirely consistent with the medical evidence and other evidence in the record." (Tr. 25). In making such conclusion, the ALJ noted several inconsistencies between the claimant's subjective statements of pain and the evidence of record, including: (i) a lack of diagnostic imagining of her back after the alleged onset date, (ii) Dr. Onaro's relatively normal physical examinations and conservative treatment, (iii) normal musculoskeletal and neurological examinations at emergent care visits, (iv) consistently normal respiratory examinations, (v) consistently normal cardiovascular examinations,

(vi) her continued smoking, and (vii) her daily activities, particularly as a paid caretaker for her three young grandchildren (Tr. 25-27).  Although the ALJ's characterization of the claimant's daily activities as a paid caretaker is questionable because he failed to mention or discuss her testimony that a family member assists with caring for the children, he made it clear that he did not base his ultimate assessment on those activities alone.  Thus, the ALJ linked his subjective statement analysis to the evidence and provided specific reasons for the determination.  There is no indication here that the ALJ misread the claimant's medical evidence taken as a whole, and his evaluation of the claimant's subjective statements is therefore entitled to deference.  *See Casias*, 933 F.2d at 801.  Accordingly, the decision of the Commissioner should be affirmed.

## Conclusion

The undersigned Magistrate Judge hereby PROPOSES a finding by the Court that correct legal standards were applied by the ALJ, and the Commissioner's decision is therefore legally correct.  The undersigned Magistrate Judge thus RECOMMENDS that the Court AFFIRM the decision of the Commissioner.  Any objections to this Report and Recommendation must be filed within fourteen days.  *See* Fed. R. Civ. P. 72(b).

**DATED** this 3rd day of September, 2019.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**